IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MARIANITA BARBOSA RAMOS

    Debtor

CASE NO. 24-02900 (MCF)

CHAPTER 13

OPINION AND ORDER

The Debtor, Marianita Barbosa Ramos, objects to the secured status of Proof of Claim Number 1 and its amendments.  At the time of the objection, Legacy Mortgage Asset Trust 2019-PR1 claimed to be the holder of the note.  Legacy Mortgage Asset Trust 2019-PR1 later transferred the claim to US Bank Trust National Association not in its individual capacity but solely as owner trustee for RCAF Acquisition Trust.  The Debtor argues that the claim is unsecured for two reasons.  The mortgage was extinguished by a subsequent loan modification agreement and there is no evidence that the loan modification agreement was presented or recorded at the Property Registry.  Legacy, now, US Bank Trust, counters that a modification of an obligation does not necessarily result in novation unless it is expressly intended.  The modification agreement between the parties does not contain an express novation and consequently it argues that it has a valid secured mortgage.

After reviewing the motion for summary judgment, the Debtor's opposition, and the arguments presented at the hearing, the court holds that Proof of Claim Number 1 and its amendments are partially secured.  The original mortgagee presented the original mortgage deed for recordation in the Property Registry.  The subsequent loan modification agreement does not constitute a novation of the original mortgage.  Because the modification was never presented for recordation in the Property Registry, it is an unsecured obligation.

-1-

Rule 56 of the Federal Rules of Civil Procedure allows a motion for summary judgment to be granted if there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056.[1] Both parties agreed that the contested matter is a legal issue.

## I. UNCONTESTED FACTS

On December 19, 2006, the Debtor executed a promissory note in favor of Associates International Holdings Corporation d/b/a CitiFinancial for $45,000.00, bearing interest at 9.393% per annum and maturing on December 23, 2036. On the same date, the promissory note was guaranteed over the Debtor's real property located at Urb. Bo. Cerro Gordo, Carr. 840 Km 2.8, Bayamón, Puerto Rico, by the mortgage deed number 682 executed before notary public Felix R. Figueroa Cabán. The mortgage deed was presented in the Puerto Rico Property Registry in Bayamón Section I, Diary 1266, Seat 241 E-1800 on February 27, 2007. (Proof of Claim No. 1-1, at 28). On March 1, 2018, the Debtor signed a loan modification agreement with Select Portfolio Servicing, Inc., servicer for the owner of the note. The modification adjusted the payment terms, the maturity date, and the interest rate.

Although Legacy claimed the promissory note was negotiated and transferred to it through a series of endorsements and assignments, Legacy's Proof of Claim No. 1-1 and its amendment do not have any assignments or allonges. The court ordered Legacy to explain and/or to provide evidence that is the current holder of the promissory note (Docket No. 91). Legacy requested various extensions to respond to the order to show cause, which were granted (Docket Nos. 98,

---

[1] Unless otherwise indicated, all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

-2-

99, 102, & 103). Legacy never responded. Instead, US Bank Trust National Association not in its individual capacity but solely as owner trustee for RCAF Acquisition Trust filed a transfer of claim from Legacy (Docket No. 112). US Bank argued that at the hearing that there are two blank endorsements and it is locating the original note. The court ordered US Bank's counsel to produce the original note and to have an in-person meeting with Debtor's counsel within 30 days. If there is a dispute, the parties are granted 30 days thereafter to file their respective position in writing. Nevertheless, this vacuum does not prevent us from deciding the secured status of the note.

## II. GOVERNING LAW AND ANALYSIS

Under Article 1157 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3241, obligations may be modified: "(1) by changing their object or principal condition; (2) by replacing the debtor; and (3) by subrogating a third person in the rights of the creditor." Article 1158 of the Civil Code, 31 L.P.R.A. § 3242, provides that "[i]n order that an obligation may be extinguished by another [obligation] which [takes its place], it is necessary that it should be so expressly declared, or that the old and new [obligations] be incompatible in all points." *Constructora Bauza, Inc. v. Garcia Lopez*, 129 D.P.R. 579, 598, 129 P.R. Dec. 579, 1991 Juris P.R. No. 99 (1991).

The Puerto Rico Supreme Court has established:

> 'as a rule for the interpretation of these [Civil Code] articles that novation is never presumed, but that it must be established without any trace of doubt;' that it 'is always a question of intention, and that such intention must be inferred from the surrounding circumstances of each particular case;' that the 'doctrine emphasizes the element of the will of the parties as the controlling factor of the novation;' and that since 'the extinction of the obligation carries with it the extinction of the guarantees and other accessory rights,' it is 'evident that such a drastic result as this can only be produced when the parties are fully aware of it.'

-3-

*Id.* (citing *Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378, 389-392,* 101 P.R.R 527 *(1973)).*

The Debtor asserts that when a subsequent agreement alters the essential terms of the original obligation, the law presumes an intent to novate because the two obligations cannot coexist. In support of her contention, the Debtor refers to *Banco Popular de Puerto Rico v. Morales Burgos*, [KLCE202300644], 2023 PR App. LEXIS 1865, 2023 WL 5318307 (P.R. Cir. July 31, 2023); this decision from the Puerto Rico Court of Appeals in which the appellate court expressed that "the intent to novate is presumed when there is a total incompatibility between two obligations." [Our translation]. The court is not persuaded. First, the decision from the Puerto Rico Court of Appeals is not precedent. *Francisquini Encarnación v. Banco Popular de P.R.*, 2026 US Dist. LEXIS 66365, at 10 (D.P.R 2026) (acknowledging that decisions from the Puerto Rico Court of Appeals do not set binding precedent). Second, central to the decision in *Morales Burgos*, was the fact that the appellant, who signed the original loan, did not appear or consent to the loan modification. The Puerto Rico Court of Appeals expressed that "[m]odifications to the principal terms of the original mortgage were made without her appearance and consent. BPPR cannot hold the petitioner liable for a contract it knowingly executed in her absence and without her consent." *Morales Burgos*, 2023 WL 5318307 at 15. [Our translation]. Unlike the appellate case, our case involves a single mortgagor.

In our legal system, a mortgage is a real right of an accessory nature. This accessory obligation guarantees a personal pecuniary obligation. Hence, "it is a real obligation, distinct from the principal obligation, although not independent, since the mortgage subsists as long as the guaranteed credit remains in force." *Firstbank Puerto Rico v. Registradora de la Propiedad de Ponce*, 2021 T.S.P.R. 135, 208 D.P.R. 64, 92 (2021) (Internal citations omitted).

-4-

Once the real property mortgage is registered in the Property Registry, the mortgage law allows its subsequent modification. It will be effective against third parties once the modification is presented for registration in the Property Registry. To modify a mortgage, it is necessary to record it in a public deed. *Firstbank Puerto Rico v. Registradora de la Propiedad de Ponce*, 2021 T.S.P.R. 135, 208 D.P.R. 64, 93 (2021) (Internal citations omitted).

Due to the mortgage's accessory nature, the mortgage is subordinate to the principal obligation in terms of its existence and termination. Its dependence on the principal obligation is such that if the latter is null and void or non-existent, the mortgage will also be null and void or non-existent. *Juan H. Soto Sola v. Registradora de la Propiedad de San Juan*, 2013 T.S.P.R. 115, 189 D.P.R. 653, 662, 2013 Juris P.R. 118 (2013).

This court concludes that the loan modification was not a novation. Nowhere does the loan modification agreement expressly state that it is a novation of the original note. The loan modification agreement states that "[T]he Security Instrument and Note, as modified by this Agreement, are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed." Claim No. 1-2 at 39. It also states that "[a]ll terms of the Security Instrument and Note, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect." Claim No. 1-2 at 39.[2] Thus, the 2006 note and the mortgage deed that secured the note were not extinguished by the 2018 loan modification agreement.

---

[2] As to the terms of the loan modification, Legacy asserted that the doctrine of estoppel prevents a debtor from contradicting the express terms of a contract she knowingly executed. Motion for Summary Judgment, Docket No. 68, at 5. The court will not address the estoppel argument for its failure to provide a valid legal basis to support its contention. The facts in case *WRC Properties, Inc. v. Santana*, 116 D.P.R. 127 (1985), wrongly cited as 116 D.P.R. 8, are not on point to the facts in the present case because it involves a creditor that despite knowing of the existence of a marital community, accepted the signature only of one spouse appearing in a security agreement; the court held that WRC's own acts bared said company from addressing its cause of action against the marital community and against the none appearing spouse. The court could not locate the case of *Municipality. of San Juan v. Prof. Research, Inc.*, 131 D.P.R. 541 (1992) that was cited in the motion for summary judgment. In the case of *Banco Popular de Puerto Rico v. Morales Burgos*, KLCE202300644, the Puerto Rico Court of Appeals did not rule as Legacy's proffers in its motion for summary judgment. As stated above, appellate cases are not binding. *Francisquini Encarnación*, 2026 US Dist. LEXIS 66365, at 10.

-5-

Consequently, the 2006 Note is secured but the loan modification agreement is unsecured. For the loan modification agreement to acquire secured status, it needed to be registered in the Property Registry to be effective against third parties. It was not.

### III. CONCLUSION

In summary, the court determines that the original promissory note is secured by the mortgage deed that was presented in the Puerto Rico Property Registry; but the loan modification agreement is unsecured because it was not presented for recordation. Consequently, the motion for summary judgment is granted in part and denied in part. The Debtor's objection to Proof of Claim Number 1 and its amendments is granted in part and denied in part. (Docket Nos. 47, 50, 58, 68, 69, 70, 77, 78, 81, 85, 101 & 112).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of July 2026.

MILDRED CABAN FLORES
United States Bankruptcy Judge

-6-