IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MARIANITA BARBOSA RAMOS<br><br><br>Debtor | CASE NO. 24-02900 (MCF)<br><br>CHAPTER 13 |

OPINION AND ORDER

The Debtor, Marianita Barbosa Ramos, requests reconsideration of our order granting in part and denying in part Legacy Mortgage Asset Trust 2019-PR1's motion for summary judgment. In our order, we determined that a 2018 unrecorded loan modification agreement was not an extinctive novation of a 2006 original promissory note which is secured by a mortgage deed presented in the Puerto Rico Property Registry (Docket No. 126). We concluded that the original promissory note is secured; but the unrecorded loan modification agreement is unsecured. We take the opportunity to clarify this conclusion while denying the motion for reconsideration.

The Debtor asserts that the court's order creates an apparent legal inconsistency by simultaneously recognizing the original promissory note as the secured obligation while treating the loan modification as a separate enforceable but unsecured obligation. We do not recognize two separate obligations, but rather, one obligation with a secured portion and an unsecured portion.

A. Standard for Reconsideration

The party moving for the alteration or amendment of a judgment under Rule 59 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings under Fed. R. Bankr. P. 9023, must establish a manifest error of law and fact, present newly discovered evidence or previously unavailable evidence; manifest injustice; and an intervening change in controlling law. *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). A motion under this rule

must clearly establish at least one of these elements.

Debtor requests reconsideration on the grounds that the order reflects a manifest error of law and, if left undisturbed, will result in injustice.

B. Legal Analysis and Discussion

Debtor asserts that the court ascertained that the loan modification was not a novation because it lacked a declaratory statement to that effect. Debtor further contends that said determination runs contrary to the disposition of the Puerto Rico Civil Code, which recognizes implied novation.

Although in some instances a new obligation may constitute an extinctive novation without an express declaration of novation by the parties, that is not the case in the present circumstances. As stated by this court in its opinion and order, Article 1158 of the Civil Code, 31 L.P.R.A. § 3242, provides that "[i]n order that an obligation may be extinguished by another [obligation] which [takes its place], it is necessary that it should be so expressly declared, **or that the old and new [obligations] be incompatible in all points**." *Constructora Bauza, Inc. v. Garcia Lopez*, 129 D.P.R. 579, 598, 129 P.R. Dec. 579 (translated slip opinion at 12), 1991 Juris P.R. No. 99 (1991) (our emphasis). Debtor relies on the second alternative and asserts that Article 1158 recognizes implied novation whenever the original and subsequent obligations are incompatible in all respects. Debtor argues that the loan modification between Debtor and Legacy Mortgage Asset Trust 2019-PR1 are incompatible, for which an implied novation occurred. The court is not persuaded.

The Supreme Court of Puerto Rico has stated that "[n]ovation not being presumed, there must be the express declaration that it is the intention and purpose of the contracting parties to extinguish the old debt by the new, unless there is a complete incompatibility between both obligations, in which case the express declaration of the intent to novate is not imperative." *Caribe Lumber and Trading Corp. v. Marrero*, 78 D.P.R. 868, 876, 78 P.R.R. 826, 833-834 (1955) (internal

citations omitted). "The modification of one of the principal conditions of the contract does not necessarily presuppose an extinctive novation, if that is not the express will of the parties. On the other hand, the extinctive novation may operate even with the simple modification of a secondary condition, if that is what the parties want and they so state conclusively." Warner Lambert v. Tribunal Superior de Puerto Rico, 101 D.P.R. 378, 385, 1 P.R. Offic. Trans. 527, 545, 101 P.R. Dec. 378 (1973) (internal citations omitted).

Thus, the intention of the parties predominates in the determination of whether a modification of an obligation is an extinctive novation or not. Absent any declaration, the extinctive novation may operate when there is complete incompatibility between the two obligations. However, in the present case, the parties' intent for the loan modification not to be an extinctive novation is apparent from the loan modification agreement itself that provides that the terms of the original promissory note remained in effect.

Moreover, there is no complete incompatibility between the original note and the loan modification. In relation to novation by incompatibility of the obligations, the Supreme Court of Puerto Rico has stated that in order for an obligation to be extinguished by novation "it is necessary that in the absence of an express declaration to that effect, the old and new obligations be incompatible in all points, or pursuant to § 1157, that its object or principal conditions be changed. In such case, in order to constitute [a] novation[,] the new obligation must evidence an absolute incompatibility by reason of its nature, [irreducibility], or impossibility of simultaneous fulfilment." Caribe Lumber, 78 D.P.R. at 876, 78 P.R.R. at 834 (internal citations omitted).

The Supreme Court of Puerto Rico has also held that the Civil Code § 1158 "incompatibility" "is absolute and exclusive in all points" and constitutes "a question of construction which is always subject to controversy." Constructora Bauza, 129 D.P.R. at 598, 129 P.R. Dec. 579 (translated slip opinion at 12) (citing G. & J., Inc. v. Doré Rice Mill, Inc., 108 D.P.R. 89, 91, 96, 8 P.R. Offic. Trans. 90, 108 P.R. Dec. 89 (1978)).

The Supreme Court of Puerto Rico has expressed:

> '[T]here is incompatibility when the prior obligation and the obligation following the novation belong to different types or their nature has been transformed.' But they point out that the case law 'repeatedly holds that there is incompatibility when there are alterations to the essence of the obligation, that is, a change in the 'principal conditions' to which art. 1203 refers [our article 1157, *31 L.P.R.A. § 3241*], such as the object or the price in the contract. **On the other hand, there is no novation when easier terms are given for performance, but the original obligation subsists, e.g., extension of time or partial installments.** Notwithstanding this, when the term is an essential condition of the contract, its modification produces an extinguishing novation due to incompatibility between the old and the new obligations. Finally[,] the case law standard is the one that determines if 'the principal conditions' have changed. Briefly: the decision on whether a change affects a principal condition [that is to be considered as such] is to be made on a case-by-case basis.'

*Id*. (citing *Miranda Soto v. Mena Eró*, 109 D.P.R. 473, 479-480, 9 P.R. Offic. Trans. 628, 636, 109 P.R. Dec. 473 (1980)) (emphasis added).

Here, the original promissory note and the loan modification are not completely incompatible. The original promissory note includes, in its first two paragraphs, provisions related to the principal amount, interest, monthly installments, and maturity date. In the following seven paragraphs, the note includes provisions related to late payment charges, prepayment penalty, cost and expenses charges upon proceedings instituted for the collection of the note, and secured status of the promissory note debt (referring to the mortgage deed on Debtor's property), among others.

Upon Debtor's financial hardship, as stated by the loan modification agreement, the loan was modified to: i) include in the principal all amounts and arrearages past due as of the effective date of the modification for a modified principal balance; ii) reduction of interest; iii) reduction in monthly payments; and iv) extension of the maturity date. All other terms of the promissory note, except those expressly modified by the loan modification, remained in full force and effect.

The modification is not incompatible with the original loan. The change in the principal amount by including in it the arrearages, change in interest, change in maturity date, and change

in monthly payments (consequence of the reduction of interest and extension of maturity date) were changes to facilitate the repayment of the obligation and did not change the nature of Debtor's obligation. As the jurisprudence cited above, these types of changes have not been deemed to be an implied novation by incompatibility. The loan modification is not an extinctive novation of Debtor's obligation because i) it did not expressly declare that it was a novation; ii) it is compatible with the original promissory note; and iii) the changes were for the purpose of facilitating Debtor's compliance with the obligation.[1]

C. Effect of the Loan Modification

As previously explained, the court concluded in its order that the original promissory note is secured but the unrecorded loan modification agreement is unsecured. Debtor asserts that if this is true, there are two enforceable obligations arising from the same indebtedness and asks that we determine which of the two obligations govern the parties' rights and obligations.

We clarify that there is only one obligation. The parties' rights and obligations are governed by the original promissory note, as amended by the 2018 loan modification agreement, and the mortgage deed number 682. The loan modification was entered into by the parties to facilitate Debtor's repayment of her obligation. The changes in repayment of the loan instituted by the loan modification agreement are binding on the parties; all other unchanged provisions in the original promissory note are binding on the parties as well.

The recorded mortgage deed was not amended. The same secures the Debtor's repayment obligation as established by its clause three. Any repayment obligation instituted by the loan modification, exceeding the scope of the original mortgage deed, is unsecured.

We find that there is no extinctive novation and thus the Debtor's motion for reconsideration is denied. U.S. Bank Trust National Association Not in its Individual Capacity but

[1] The loan modification document provides that the amortization term of the loan was extended to reach an affordable payment.

Solely as Owner Trustee for RCAF Acquisition Trustee is ordered, within 28 days, to amend its claim number 1-2 consistent with this opinion and order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of September 2026.

Mildred Caban

**MILDRED CABAN FLORES**
**United States Bankruptcy Judge**